582 F.2d 12
 Complaint of Robert A. TITTLE for exoneration from or
limitation of liability as the owner of the M/V
ADIOS, Plaintiff-Appellee,
v.
Nicholas ALDACOSTA et al., Defendants Third-Party
Plaintiffs-Appellants,
v.
Mike TITTLE, Third-Party Defendant Cross Plaintiff-Appellee,
v.
NORTHWESTERN NATIONAL INSURANCE CO., Cross Defendant.
 No. 75-1119.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 11, 1978.
 
 Edward A. Perse, J. Arthur Hawkesworth, Jr., Miami, Fla., for defendants third-party plaintiffs-appellants.
 
 
 1
 Mercer K. Clarke, Miami, Fla., for Robert A. Tittle.
 
 
 2
 Appeal from the United States District Court for the Southern District of Florida.
 
 
 3
 ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC
 
 
 4
 (Opinion January 3, 1977, 5 Cir., 1977, 544 F.2d 752).
 
 
 5
 Before BROWN, Chief Judge, and TUTTLE and GEE, Circuit Judges.
 
 PER CURIAM:
 
 6
 After reconsideration of the petitions for rehearing and rehearing en banc, the Court is still of the opinion that the reversal of the lower Court decision was proper. The dissent raises the point that the majority opinion never reversed the District Court's finding that Brenda Aldacosta missed the step, rather than she slipped. In spite of our failure to use the word slip, the Court is of the opinion that no harm was done to the proximate cause aspects of the case. There is evidence in the record that Brenda slipped. She testified that she slipped, that the deck was slippery to her and that she became aware of the slipperiness of the transom as she fell. The lower Court did not find that she did not slip. It found merely that she missed the deck. We fail to see how it could hold that she did not slip on the basis of this record. In any case, our use of the lower Court's wording in our statement of the facts was simply for convenience and was not meant to be a stamp of approval for the particular finding of the Court. It seems clear to us that she slipped because the deck was slippery and because the towel had not been placed on the transom for her safety.
 
 
 7
 After reconsideration, the Court adheres to its original disposition of the case.
 
 
 8
 The petitions for rehearing are DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petitions for rehearing en banc are DENIED.
 
 GEE, Circuit Judge, dissenting:
 
 9
 The court's opinion on rehearing explicitly reinstates proximate cause as a requisite for liability in such matters as this. Since it does, the damage done here is only to justice in the case not to the fabric of the law and en banc consideration would be inappropriate to correct it.
 
 
 10
 And so the case goes off on a mere matter of appellate fact-finding. The plaintiffs testified that Mrs. Aldacosta slipped on the transom because it was Wet. Other witnesses testified that it was not. The trial court, which heard all of them, believed the latter witnesses and found the transom was "dry or virtually so and consequently not unreasonably slippery." This court prefers to believe the plaintiffs. It is the higher court. Q.E.D.